# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **Jon David Barnhill,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | 13-00804-CV-W-JTM |
| **Allied Waste Industries, and American** ) | |
| **Home Assurance c/o Chartis Claims, Inc.,** ) | |
| **Defendants.** ) | |

## ORDER

On June 18, 2013, plaintiff Jon David Barnhill ("Barnhill") filed the present action in the Circuit Court of Jackson County, Missouri, against defendants Allied Waste Industries ("Allied") and American Home Assurance[1] ("AHA"). In his lawsuit, Barnhill assets three claims against Allied and AHA:

(1) a request for a declaratory judgment as to Barnhill's rights under the Missouri workers' compensation law,

(2) a request that Barnhill's previously-litigated workers' compensation award be reduced to a civil judgment as permitted by MO. REV. STAT. § 287.500, and

(3) a claim for damages arising from the alleged vexatious refusal of Allied and AHA to provide benefits owed to Barnhill pursuant to the aforementioned previously litigated workers' compensation award.

AHA was served with process on June 26, 2013 and Allied was served with process on July 16, 2013. The defendants subsequently removed the case to this Court based on alleged diversity jurisdiction on August 15, 2013. Thereafter, Barnhill timely sought a remand of the case to the original state court. For the reasons set out herein, the motion to remand is granted.

---

[1] AHA subsequently became Chartis Claims, Inc.

Barnhill seeks a remand based on two arguments. First, Barnhill contends that the removal was untimely in that it was initiated more than 30 days after AHA was served with process. Second, Barnhill asserts that the defendants cannot establish that the amount in controversy exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

As to the first argument, Barnhill's reasoning is flawed. While it is true that a party seeking removal must file its motion within 30 days of receiving notice of the state court lawsuit [28 U.S.C. § 1446(b)] and that all defendants must consent to a removal [*Chicago, Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251, 20 S.Ct. 854, 856 (1900)], the Eighth Circuit nonetheless has adopted the so-called "last served" rule regarding the timing of removal. Specifically, the court has held:

> [T]he later-served defendants in this case had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them.

*Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001). *See also Caranchini v. Kozeny & McCubbin, LLC*, 2011 WL 5921364, op. at *2 (W.D.Mo. Nov. 28, 2011) (recognizing that the *Marano* holding is still in effect). While the "last served" rule is the minority view among the federal circuits, it is still the law in the Eighth Circuit and, thus, binding on this Court.

In applying the "last served" rule to this case, it is readily apparent that removal in this case was timely. The last served defendant was Allied, which was served on July 16, 2013. Exactly 30 days later, on August 15, 2013, the defendants filed the notice of removal with this court. Barnhill's first argument for remand, thus, is rejected.

Turning to Barnhill's second argument in favor or remand, the Court initially notes that inasmuch as federal courts are courts of limited jurisdiction, the threshold requirement in every federal case is jurisdiction. *Bradley v. American Postal Workers Union*, 962 F.2d 800, 802 n.3 (8th Cir. 1992). This requirement applies with equal force to cases originally filed in state court, but later removed to federal district court. It is axiomatic that a defendant may remove any civil action brought in state court when the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). To that end, district courts have original jurisdiction of all civil actions meeting the criteria for diversity jurisdiction, to wit: where the matter in controversy exceeds $75,000 and no plaintiff is a citizen of the same State as any defendant. 28 U.S.C. § 1332(a). In this case, there apparently is no question that the parties are citizens of different States. The parties do dispute whether the amount-in-controversy exceeds the $75,000 statutory requirement.

A court determines whether an amount-in-controversy required by Section 1332 is satisfied based on the record at the time of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938); *St. Jude Medical, Inc. v. Lifecare International, Inc.*, 250 F.3d 587, 593-94 (8th Cir. 2001). Typically, courts in the Eighth Circuit have found that when contesting a motion to remand, the non-moving party bears the burden of proving that the complaint establishes the requisite amount-in-controversy by a preponderance of the evidence. As such, where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *In re Minnesota Mutual Life Insurance Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003); *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party invoking federal jurisdiction must prove the amount by a preponderance of the evidence).

As previously noted, Barnhill's case asserts three causes of action. In responding to the motion to remand, AHA and Allied focus their arguments exclusively on Barnhill's second count, namely his request to have his previously-litigated workers' compensation award reduced to a civil judgment as permitted by MO. REV. STAT. § 287.500. The defendants reason that since the underlying workers' compensation award involves benefits well exceeding $75,000, the jurisdictional threshold is satisfied. AHA and Allied make no arguments for diversity jurisdiction arising under any other claim asserted by Barnhill.[2]

With regard to Barnhill's claim under MO. REV. STAT. § 287.500, he does not dispute that the applicable workers' compensation benefits exceed $75,000. But Barnhill argues that an action to reduce a prior administrative award to a civil judgment does not mean that all of the monies involved in the underlying award are "in controversy" merely by a request to have the previously-litigated award reduced to a judgment. In response, AHA and Allied argue that if the award is reduced to a judgment, Barnhill will have the ability to enforce a judgment that exceeds $75,000 and, therefore such an amount in most definitely "in controversy." Ultimately, however, the Court concludes that it need not decide whether Barnhill's Section 287.500 claim meets the jurisdictional threshold.

---

[2] Count I of Barnhill's petition seeks only a declaratory judgment. With regard to Barnhill's claim for damages for vexatious refusal set out in Count III of his petition, AHA and Allied merely note that the "statutory penalties requested by [Barnhill] in Count III of his petition is just a proverbial 'drop in the bucket' [when compared to the Section 287.500 claim] and is not the true statement of the amount in controversy in the case." Setting aside the issue of Barnhill's claim under Count II (discussed *infra*) and focusing solely on the vexatious-refusal-to-pay claim, this statement falls short of the Eighth Circuit requirement that "[t]he party seeking to remove . . . 'has the burden to prove the requisite amount by a preponderance of the evidence.'" *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (*quoting*, *in part*, *Advance America Servicing of Arkansas, Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008)). As such, Count I and Count III may remain in federal court only if federal jurisdiction exists over Count II of Barnhill's petition.

While Congress has created diversity jurisdiction in the federal district courts, it has also explicitly excepted certain cases from such jurisdiction – regardless of the citizenship of the parties and the amount in controversy. Specifically, federal law unambiguously provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). As a result, when Section 1445(c) is applicable, "a case is nonremovable, even if it presents a federal question or there is diversity." *Humphrey v. Sequentia*, 58 F.3d 1238, 1246 (8th Cir. 1995). The initial and ultimately dispositive question, then, is whether Barnhill's count under MO. REV. STAT. § 287.500 arises under the Missouri workers' compensation law.

The question is easily answered by examining the statute itself. Section 287.500 is contained within Chapter 287 of the Missouri Revised Statutes. The Missouri legislature has decreed that Chapter 287 "shall be known as 'The Worker's Compensation Law.'" MO. REV. STAT. § 287.010. Section 287 itself was first enacted in the 1925 version of the Missouri workers' compensation law and has long been recognized as an integral part of the "Workmen's Compensation Law." *State ex rel. Brewen-Clark Syrup Co. v. Missouri Workmen's Compensation Commission*, 320 Mo. 893, 8 S.W.2d 897, 900 (Mo. 1928) (*en banc*). Under these facts, the Court concludes that an action under Section 287.500 arises under the workers' compensation and is, thus, not removable to federal court. *Compare Humphrey*, 58 F.3d 1246 (an individual bringing a claim under MO. REV. STAT. § 287.780 alleging injury as a result of retaliation for exercising workers' compensation rights is asserting a claim arising under the workers' compensation law and, pursuant to 28 U.S.C. § 1445(c), such a claim is non-removable to federal court).

Inasmuch as AHA and Allied make no request to sever the vexatious-refusal-to-pay claim (nor, in any event, do they offer evidence to show that amount in controversy for that claim meets the jurisdictional threshold), the Court remands this entire action back to state court.

For the foregoing reasons, it is

**ORDERED** that the Motion to Remand, filed August 26, 2013 [doc. 7] is GRANTED and the Clerk of the Court shall **REMAND** this case to the Circuit Court of Jackson County, Missouri.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**